IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BILLY RAYNOR SMITH, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>BNSF RAILWAY COMPANY, )<br>)<br>Defendant. ) | No. CIV-08-1203-D |

**O R D E R**

Before the Court is the motion in limine [Doc. No. 57] of Defendant BNSF Railway Company ("BNSF"), seeking to exclude at trial Plaintiff's evidence of damages calculations based on Plaintiff's delayed retirement age. BNSF notes that Plaintiff's expert economist, Leroy J. Grossman, Ph.D., has prepared damages calculations based on the assumption that Plaintiff would have continued working until age 66. However, BNSF argues that both Plaintiff and his wife testified that Plaintiff would have received full retirement benefits from the railroad at the age of 61, and both agreed that he would have retired at age 61. Accordingly, BNSF argues damages evidence based on the assumption that he would have worked until age 66 is improper and contrary to Plaintiff's own testimony.

In response to the motion, Plaintiff concedes that age 61 is the appropriate retirement age on which to base the calculation of his estimated earnings if he had continued working for BNSF. Plaintiff expressly states his expert economist, Dr. Grossman, will "only provide testimony as to his economic loss calculations based on the assumption that Plaintiff would have retired at age 61." Plaintiff's response at page 1. Accordingly, Plaintiff agrees with BNSF that damages calculations based on a later retirement should not be presented at trial. Based on the parties' agreement, the

motion [Doc. No. 57] is GRANTED.

IT IS SO ORDERED this 13th day of September, 2011.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE