## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

BILLY RAYNOR SMITH,        )
                                    )
        Plaintiff,            )
                                    )
vs.                               )        No. CIV-08-1203-D
                                    )
BNSF RAILWAY COMPANY,     )
                                    )
        Defendant.        )

## O R D E R

Before the Court are the motions in limine [Doc. No. 54] of Defendant BNSF Railway Company ("BNSF"). BNSF seeks to exclude at trial evidence of, or reference to, 27 separate topics. Plaintiff filed a timely response in which he states no objection to some of the topics; however, he objects in whole or in part to others.

The Court has determined that some of the issues raised by BNSF's motions may be determined at this time. However, most of the issues cannot be resolved until the appropriate time at trial, as the propriety of admitting the evidence at issue cannot be determined until other evidence is presented. A ruling on these issues will be reserved. The parties are directed that, prior to eliciting testimony, seeking introduction of exhibits, or otherwise referring to the subject matter of any reserved issue, they must notify the Court so that the matter may be decided outside the hearing of the jury.

In his response to BNSF's motions, Plaintiff expressly states he has no objection to excluding the evidence discussed in Motion Nos. 1, 4, 5, 6, 7, 8, 10, 12, 13, 14, 15, 18, and 19. Accordingly, those motions are, by agreement of the parties, deemed granted. With respect to the remaining issues, the Court finds as follows:

<u>Motion Nos. 2 and 3</u>:

Because these motions both involve the propriety of admitting evidence of prior occurrences or incidents, they raise essentially the same legal issues. Accordingly, the Court addresses the motions jointly.

In Motion No. 2, BNSF seeks to exclude "[a]ny reference to any other employee claim or suit involving BNSF or any testimony in any such suits, without the Court first ruling on the relevancy, materiality and admissibility of such matters."  BNSF adds that it specifically seeks prohibition of "any use of testimony or facts from an injury, claim or lawsuit (other than the claim or lawsuit that forms the subject of the case at bar) for the purposes of showing whether the Defendant was negligent."  Motion, p. 2.  In Motion No. 3, BNSF seeks exclusion of references to "any accidents, test failures (including physicals), rule violations or discipline assessed to any of Defendant's employees on occasions other than the incident made the basis of this suit. Additionally, the Court should inquire into the dates of any such events to determine whether, even if they would otherwise be admissible, they are so old and remote as to be irrelevant to this suit." *Id.* at pp. 3-4.  BNSF cites Federal Rules of Evidence 401, 402 and 403. BNSF also argues that evidence of prior acts or occurrences is inadmissible pursuant to Fed. R. Evid. 404(b)[1], which precludes admission of evidence of prior acts to "show action in conformity therewith." Acknowledging that Rule 404(b) permits evidence of prior acts for certain purposes,  BNSF argues that, even if the evidence is offered for a proper purpose, it must be excluded where the prior accidents are too dissimilar or remote to be relevant in this case.

---

[1]BNSF cites Fed. R. Evid. 404(3) in its brief.  That provision of the Rule applies to evidence of the character of a witness, which is not at issue.  Because BNSF's argument is confined to the application of  Rule 404(b), the Court construes the citation to Rule 404(3) as a typographical error.

In these motions, BNSF does not identify the specific testimony or exhibits it contends should be excluded, but presents it argument in general terms.  In contrast, Plaintiff's response explains that he intends to offer documentary evidence, produced by BNSF in other litigation, reflecting BNSF's own records of employee complaints or allegations of negligence based on working environment risk exposures.  Plaintiff contends the listed complaints and allegations involved specific job-related risks and injuries substantially similar to those asserted in this case and that they occurred during a time period relevant to Plaintiff's claims.  Plaintiff states the purpose of this evidence is not to prove that BNSF caused the injuries reflected in prior incident records; instead, he will offer it to show that, prior to the onset of Plaintiff's alleged injuries, BNSF had actual or constructive knowledge of  working condition risks which could result in the type of injuries claimed by Plaintiff.

The documents Plaintiff intends to introduce are submitted as exhibits to his response brief, and are discussed in his response to Motion No. 2.  These consist of: 1) a BNSF computer printout listing employee spine injuries reported by workers on the railroad's line from Arkansas City, Kansas to Gainesville, Texas during the time period of March 10, 1999 to March 1, 2007; 2) a list of locomotives reported in the State of Oklahoma to have "seat exceptions" during the time period of January 1, 2000 through October 20, 2009; 3) a list of "reported ride quality exceptions" in locomotives in Oklahoma between January 1, 2000 and October 20, 2009; and 4) a BNSF document entitled "Engineer and Conductor Musculoskeletal Injuries," listing lawsuits filed from January 1, 2000 through October 31, 2009 in which employees alleged they incurred musculoskeletal injuries caused by vibration or other working conditions.   Plaintiff's Response, Exs. A-E.

Plaintiff also  discusses at some length the elements required to prove his Federal Employer

Liability Act ("FELA") claim. He argues the foregoing documents, apparently produced in discovery in other lawsuits against BNSF, are relevant to the elements of his FELA claim; in particular, he contends evidence of BNSF's prior knowledge of similar allegations is relevant to the requisite element of foreseeability.

To establish negligence under FELA, Plaintiff must show, *inter alia,* that the harm he suffered was reasonably foreseeable to BNSF; to establish that element, Plaintiff must show BNSF had actual or constructive notice of the condition(s) that allegedly caused or contributed to the cause[2] of his injuries. *See, e.g., Gallick v. Baltimore & O.R. Co.,* 372 U.S. 108, 117-18 (1963);*Haas v. Delaware and Hudson Ry.* Co., 282 F. App'x 84, 87 (2d Cir. 2008) (unpublished opinion) (citing *Sinclair v. Long Island R.R.*, 985 F. 2d 74, 77 (2d Cir. 1993)); *Holbrook v. Norfolk Southern Ry. Co.,*414 F. 3d 739, 742 (7th Cir. 2005). Plaintiff contends the documents he seeks to introduce show BNSF's own records reflect that, during the time period prior to Plaintiff's claimed injuries, spinal and other injuries had been reported by other BNSF employees who performed the same job duties as those required of Plaintiff. According to Plaintiff, these documents also show that those employees alleged their injuries resulted from vibration and related conditions, which are also the basis of Plaintiff's claims. Plaintiff contends the records maintained by BNSF show it was aware of the potential risk of spinal injury associated with Plaintiff's working conditions; thus, he argues this evidence is probative of the issue of constructive notice.

Where prior notice or knowledge is an element of a negligence claim, "evidence of other accidents commonly is received to prove that the defendant knew, or should have known, of the

---

[2]Under FELA, the railroad's negligence need not be the sole cause of the injury; the issue is whether employer negligence played "any part, even the slightest" in producing the injury for which damages are sought. *Rogers v. Missouri Pacific Railroad Co.*, 352 U.S. 500, 506 (1957).

4

danger." 1 Kenneth S. Broun, *et al., McCormick on Evidence* § 200 at 804 (6th ed. 2006).  Although BNSF and Plaintiff do not cite decisions in which the admissibility of prior injuries was at issue in a FELA negligence case, evidence of prior similar claimed injuries in non-FELA cases has generally been held admissible "for the purpose of showing the foreseeability of [the plaintiff's] injury by establishing that [defendant] had adequate notice" of the potential for injury.  *Carlisle v. Consolidated Rail Corp.*, 990 F. 2d 90, 97 n. 9 (3rd Cir. 1993), *rev'd on other grounds, Consolidated Rail Corp. v. Gottshall,* 512 U.S. 532 (1994); *see also Mancini v. CSX Transportation, Inc.*, 2010 WL 1268021, at * 6-7 (N.D.N.Y. Apr. 1, 2010) (unpublished opinion). In such circumstances, the purpose of the evidence is not to establish proof that the defendant's negligence caused the prior injuries; thus, the merits of prior claims are not at issue.

In support of its Motion No. 2 contention that evidence of other employees' claims, injuries, or lawsuits is inadmissible, BNSF cites *Diesel Machinery, Inc. v. B.R. Lee Industries, Inc.,* 418 F.3d 820, 834 (8th Cir. 2005).[3]  *Diesel Machinery* did not involve a FELA claim, but was an action for wrongful termination of an exclusive dealership agreement.  The defendant there sought to offer evidence of the plaintiff's prior lawsuit involving a different dealership agreement, suggesting it was relevant to plaintiff's motivation and failure to mitigate damages.  *Id.*  The trial court excluded the evidence  because it did not support a mitigation defense.  The court concluded admission of the evidence would necessitate addressing issues in the other lawsuit and could result in a "trial within a trial," which would not be helpful to the jury.  The Eighth Circuit affirmed that decision.  *Diesel Machinery,* 418 F. 3d at 834.

While the Court recognizes the concerns expressed in  *Diesel Machinery*, the prospect of a

---

[3]BNSF also cites a 1992 Michigan federal court decision, *Dupue v. Sears, Roebuck & Co.* However, the citation provided is incorrect, and the Court is unable to locate the text of this decision.

"trial within a trial" should not be presented by the introduction of Plaintiff's proffered evidence in this case. Plaintiff does not seek to show that, with respect to prior incidents, BNSF was negligent. Thus, the merits of the listed lawsuits are not at issue; the Court will not permit evidence designed to show BNSF was negligent in those cases. Plaintiff states he seeks to introduce the evidence only for the purpose of showing BNSF was aware that other employees complained of musculoskeletal injuries allegedly caused by vibration and other working conditions which Plaintiff contends caused his injuries. Limiting the scope of the evidence to that issue, BNSF's concern that such evidence will lead to multiple "mini trials" regarding the prior claims is avoided.

The Court concludes that, subject to establishing the proper foundation, the evidence consisting of BNSF's records of injury claims during the time period prior to the Plaintiff's alleged injuries may generally be admitted to show that BNSF had actual or constructive notice of the conditions which allegedly caused Plaintiff's injuries. Furthermore, to be relevant and admissible, the prior reported injuries must be sufficiently similar to those claimed by Plaintiff, the conditions which were alleged to have caused the prior claims must be sufficiently similar, and the time period must not be too remote. *See, e.g., Ponder v. Warren Tool Corp.,* 834 F. 2d 1553, 1560 (10th Cir. 1987); *Edwards v. Consolidated Rail Corp.*, 567 F. Supp. 1087, 1105-06 (D. D.C. 1983). As BNSF argues in Motion No. 3, evidence of incidents which are dissimilar and remote is not sufficiently probative to render it admissible. Also, such evidence relating to events subsequent to Plaintiff's employment is inadmissible.

Thus, to the extent BNSF seeks exclusion of Plaintiff's evidence of prior occurrences, the motion must be denied; however, the evidence must satisfy the requirements of authentication, foundation, and relevance as set forth herein. Because the record currently before the Court is

insufficient to make these determinations, a ruling on the motion as to these matters must be reserved.

In Motion No. 3, BNSF also seeks exclusion of evidence of rule violations or disciplinary actions against employees other than Plaintiff.  In response, Plaintiff states he does not intend to offer such evidence as it applies to other BNSF employees; however, he argues he should be allowed to present evidence that he was never cited for a rule violation or subjected to disciplinary action. Plaintiff contends this evidence is relevant to respond to a BNSF claim that Plaintiff's own work-related conduct contributed to his injuries.

Under FELA, although the contributory negligence of an employee does not bar recovery, "the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee."  45 U. S. C. § 53.   Thus, the statute "rejected the doctrine of contributory negligence in favor of that of comparative negligence."[4]  *Consolidated Rail Corp. v. Gottshall*, 512 U.S. 532, 542 (1994).   Thus, evidence of comparative negligence may be an issue in this case; if so, Plaintiff may properly introduce evidence to respond to a claim by BNSF that he was partially at fault.   Because BNSF's evidence of comparative negligence is not before the Court in connection with its motions in limine, the Court cannot properly evaluate the admissibility of the specific evidence to which Plaintiff refers.   Whether his disciplinary record or absence of rule violations will be relevant is too uncertain at this time to permit the Court to rule on this aspect of BNSF's motion, and that issue must also be reserved for trial.

---

[4]Although the Supreme Court and other courts describe the statute as allowing comparative negligence,  some decisions continue to refer to an employee's contributory negligence as a means of diminishing his recovery.  *See, e.g., Morrison Knudsen Corp. v. Fireman's Fund Ins. Co.,* 175 F. 3d 1221, 1257 (10th Cir. 1999).

Motion No. 9:

In Motion No. 9, BNSF asks the Court to exclude "any reference to the amount of past medical bills or treatment costs incurred by Plaintiff," noting these bills were paid by insurance coverage provided to Plaintiff as a BNSF employee.  In response, Plaintiff states he does not anticipate introducing evidence of medical bills which have been paid by his insurance carrier. However, he does object to BNSF's suggestion that the amount of bills paid by his insurer should be offset against any damages awarded by the jury against BNSF.  Furthermore, Plaintiff states he will offer evidence of outstanding, unpaid medical bills related to his treatment of injuries allegedly caused by BNSF's negligence;  he contends such amounts are part of his economic damages.

To the extent the parties agree that medical expenses paid by Plaintiff's insurer will not be introduced at trial, the motion is granted.  If the issue of an offset is presented by BNSF, the propriety of the same appears to be a matter more appropriately considered in connection with jury instructions regarding recoverable damages; in any event, the record currently before the Court is inadequate to allow a ruling at this time.  The remaining arguments also  raise issues which can not properly be addressed at this time.  If there is a dispute regarding the evidence of medical expenses, the Court will reserve a ruling until trial.

Motion No. 11:

In this motion, BNSF seeks exclusion of "[a]ny argument, testimony or other evidence that Defendant violated any statute, regulation or guideline not specifically identified by Plaintiff in response not identified in discovery."  Motions, p. 6.   BNSF offers no argument or authority, nor does it explain what is meant by this statement.   In his response, Plaintiff speculates that BNSF is attempting to exclude testimony to be offered by his expert witness, Dr. Stephen Morrissey, with

regard to certain statutes or regulations.    If so, Plaintiff argues Dr. Morrissey should be allowed to refer to statutes or regulations which he believes BNSF violated.

The Court will not attempt to speculate regarding the evidence BNSF seeks to exclude in this motion.  The motion is too unclear to permit a ruling, and it is denied.

Motion No. 16:

In Motion No. 16, BNSF asks the Court to exclude "[e]vidence or argument regarding depositions or the failure of the Defendant to bring witnesses live to trial that are available to either party."  That statement is followed by a reference to Fed. R. Evid. 401 and 403.  Nothing further is provided.  As presented, this motion is unclear and provides no basis for a ruling by the Court. Plaintiff suggests in his response that BNSF may be seeking to avoid  a "missing witness" jury instruction. *See York v. American Tel. & Tel. Co.,* 95 F. 3d 948, 954 (10th Cir. 1996).

The Court will not speculate regarding the motivation for Motion No. 16; BNSF's failure to present a clear motion is unacceptable, and provides no basis for a pretrial ruling by the Court. The motion is denied.  Any issue related to the propriety of proposed jury instructions will be considered by the Court in the jury instruction conference conducted during the trial.

Motion No. 17:

In this Motion, BNSF states only that "[a]ny evidence that the Plaintiff was a 'good employee' or that he received favorable reviews or letters is inadmissible as Plaintiff's character is not at issue. Fed. R. Evid. 404."  No additional argument or authority is presented.

In response, Plaintiff again notes that, as discussed in the ruling on Motion No. 3, evidence of his positive job performance may be admissible if BNSF attempts to show that his own negligence contributed to his injuries.  Because comparative negligence may be an issue relevant

to damages, Plaintiff states he may seek to introduce evidence that he violated no rules and was never disciplined for failure to adhere to safety requirements.

As noted in the ruling on Motion No. 3, the Court cannot determine the admissibility of this evidence at this time.  If BNSF offers evidence at trial that Plaintiff's unsafe work practices contributed to his injuries, however, Plaintiff will be allowed to present contradictory evidence.  The nature and scope of that evidence cannot be determined at this time; accordingly, a ruling on this motion is reserved.

Motion No. 20:

BNSF seeks in this motion to exclude "the railroad's Supervisor's Report," arguing that such reports are inadmissible pursuant to 49 U. S. C. § 20903.  Plaintiff responds by noting BNSF has not produced such a report in discovery in this case, and he is thus unable to determine the document or report to which BNSF refers.

According to 49 U. S. C. § 20903, "No part of an accident or incident report filed by a railroad carrier under section 20901 of this title or made by the Secretary of Transportation under section 20902 of this title may be used in a civil action for damages resulting from a matter mentioned in the report."  The report referenced as required by § 20901 calls for submission by the railroad to the Secretary of Transportation of a monthly report describing any accidents or incidents resulting in injury or death or damage to equipment or a roadbed; § 20902 requires the Secretary of Transportation to investigate all railroad accidents resulting in serious injury to an individual or to railroad property and to report the investigation if it is in the public interest to do so.

The reports referenced in § 20903 do not appear to encompass Plaintiff's claims in this case because his claims  do not stem from a specific accident or incident; instead, he alleges he sustained

spinal injuries resulting from cumulative trauma caused by vibration and other alleged work environment conditions.  If the statute is applicable, Plaintiff states that BNSF has not produced any reports referenced by § 20903; he asks that BNSF be required to produce the same if they exist.

Clearly, the Court cannot rule on the admissibility of a report or reports which may not even be at issue in this case.  On that basis, the motion is denied.

Motion No. 21:

In this motion, BNSF asks the Court to direct Plaintiff not to refer "in any way to the case at bar as a workers' compensation case in terms of strict liability."  Motions, p. 10.  BNSF cites several court decisions holding that FELA does not impose strict liability and is not a workers' compensation statute.   BNSF  also asks the Court to direct Plaintiff to refrain from presenting evidence or argument that a railroad is not covered by the state workers' compensation statutes and/or to suggest that FELA is his sole remedy against BNSF.

In response, Plaintiff states he has no intention of referencing workers' compensation during the trial.  However, Plaintiff suggests it is appropriate to inform the jury that this is not a workers' compensation case, and Plaintiff's rights are governed only by FELA so that jurors will not assume that he has a workers' compensation remedy.  According to Plaintiff,  such an explanation would be appropriate during voir dire, and he intends to submit a jury instruction clarifying that FELA, and not workers' compensation, governs his right to recovery.

The parties are correct that FELA is not a workers' compensation statute imposing strict liability upon the defendant railroad for injuries sustained by its employees.  *See Consolidated Rail Corp.*, 512 U.S. at 543.   Instead, it imposes liability where the employer railroad is found to have been negligent.  *Id.*

11

The Court agrees with the parties that references to Oklahoma's workers' compensation scheme are inappropriate and, based on the parties' agreements, grants the motion to the extent it seeks to exclude such references.  However, the Court will consider the propriety of informing the jury that this is not a workers' compensation case, if doing so appears necessary to avoid confusing or misleading the jurors.  Whether to do so is best considered, however, in connection with the parties' requested voir dire and/or proposed jury instructions.  The Court will make that determination at the appropriate time at trial.

Motion No. 22:

BNSF's Motion No. 22 seeks exclusion of "any reference to or attempts to obtain opinions from lay witnesses on whether an act was negligence, that an area was unsafe, or other similar evaluation. Fed. R. Evid. 403 and 702."  Citing Fed. R. Evid. 701,  BNSF also argues lay witness opinion testimony may only be permitted where it is based on the perception of the witness and is helpful to a clear understanding of his testimony or the determination of a fact in evidence, and the opinion does not require scientific or specialized knowledge.  Plaintiff responds by stating other BNSF employees holding the same or similar jobs as that of Plaintiff and having observed his working conditions may testify as to their perceptions and observations regarding their working conditions; according to Plaintiff, any testimony offered will be limited accordingly.

BNSF correctly states that Rule 701 dictates the proper scope of a lay witness's opinion testimony; the Rule provides:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

12

Fed. R. Evid. 701.   An opinion offered by a lay witness "must be rationally based on his perceptions," pursuant to the Fed. R. Evid. 602 requirement that a lay witness must have "first-hand knowledge of the events he is testifying about so as to present only the most accurate information to the finder of fact."   *Magoffe v. JLG Industries, Inc.*, 375 F. App'x 848, 859 (10th Cir. 2010) (unpublished opinion) (citing *Grace United Methodist Church v. City of Cheyenne*, 451 F. 3d 643, 667 n. 12 (10th Cir. 2006)).   Thus, a lay witness's opinion testimony which constitutes speculation as to what might have been done or what might have occurred is "not based on his first-hand perception of actual events," and thus does not satisfy the requirements of Fed. R. Evid. 701. *Magoffe*, 375 F. App'x at 859.

The Tenth Circuit has explained the proper scope of lay opinion testimony:

> The Federal Rules of Evidence permit lay witnesses to testify in the form of opinions or inferences given three general limitations. The opinions should (1) be "rationally based on the perception of the witness," (2) be "helpful to a clear understanding of the witness' testimony or the determination of a fact in issue," and (3) "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed.R.Evid. 701. Rule 704(a) further provides that opinions and inferences "otherwise admissible" are "not objectionable" because they embrace "an ultimate issue to be decided by the trier of fact." Fed.R.Evid. 704(a).

*United States v. Goodman*, 633 F. 3d 963, 968 (10th Cir. 2011).   A witness may not, however, express an ultimate opinion on a legal issue which must be defined by the Court's instructions to the jury.  *Specht v. Jensen*, 853 F.2d 805, 810 (10th Cir.1988), *cert. denied,* 488 U.S. 1088 (1989).

In this case, Plaintiff states he does not intend to ask lay witnesses to offer opinion testimony other than that which is based on their personal observations of the daily work environment in which Plaintiff performed his job; they are also expected to testify about "impacts and exposure" to which Plaintiff was subjected while performing his job.   To the extent that the witnesses personally observed Plaintiff's  work environment and experienced the impacts and/or exposure to which he

was allegedly subjected, their testimony is admissible under Fed. R. Evid. 701.  To that extent,

BNSF's motion is denied.  However, BNSF is not precluded from asserting at trial an appropriate

objection to any testimony it believes exceeds the prescribed limitations of the Rule.

Motion Nos. 23 and 24:

In Motion No. 23,  BNSF seeks exclusion of co-worker testimony that the conditions in

locomotive cabs are uncomfortable or painful; in Motion No. 24, it seeks exclusion of co-worker

testimony regarding  the general condition of locomotives or locomotive tracks.  BNSF argues that

such testimony is inadmissible because the conditions may vary according to a specific locomotive

and specific track.  In Motion No. 24, BNSF cites *Amatucci v. Delaware & Hudson Ry. Co.,* 745 F.

2d 180 (2d Cir. 1984) in support of its contention that evidence of similar work place conditions and

accidents suffered by other railroad employees has no probative value on the issues of negligence,

notice or causation.

The Court has reviewed *Amatucci*, and concludes that it does not *per se* support exclusion

of co-worker testimony regarding similar work place conditions or accidents; instead, it holds that

such conditions or accidents must be sufficiently similar to be probative.  In *Amatucci,* the plaintiff

suffered a heart condition which he alleged resulted from stressful work conditions associated with

his job duties as a railroad engineer.  The Second Circuit held it was error to admit testimony that

other railroad engineers  had suffered heart attacks while driving a locomotive engine; it found this

evidence had no relevance because there was no evidence regarding the circumstances surrounding

the other heart attacks, nor was there evidence of the victims' personal and family medical histories.

*Amatucci*, 745 F. 2d at 183.  As a result, the Circuit found the evidence lacked sufficient relevance

to be admissible to show negligence, causation or notice.

14

As Plaintiff suggests in his response, his co-workers may offer testimony regarding the specific conditions concerning the locomotive cab and/or the tracks  mentioned.  There is currently no evidence before the Court indicating what differences, if any, may exist in cab conditions and/or tracks maintained by BNSF; nor can the Court determine at this time whether the co-workers who will testify operated different locomotives or worked on different tracks than those experienced by Plaintiff.   Accordingly, the relevance of their anticipated testimony can not be determined at this time, and the issue must be reserved for trial.  To the extent BNSF seeks exclusion of all co-worker testimony regarding working conditions, however, the motion must be denied.

Motion No. 25:

In this motion, BNSF seeks to exclude "[t]ests or measurements not related to specific locomotives or track utilized by Plaintiff and reasonably proximate to Plaintiff's alleged injuries." Motions, p. 12.  BNSF states that Plaintiff may seek to introduce "documents, studies, reports, e-mails, memoranda, letters, and/or other documents contained in a CD titled Vibration Notebooks (Bates Nos. 1-4100) produced in other litigation prior to this case."  BNSF argues that there is no evidence that Plaintiff's expert witness, Dr. Stephen Morrissey, relied upon these documents in forming his opinion.  Thus, BNSF argues there is no foundation for the admission of the documents. BNSF further argues that the "minimal probative value" of the documents is outweighed by its prejudicial impact.

In response, Plaintiff states that he does not intend to offer all of the challenged documents into evidence, but argues a number of documents are relevant to show that BNSF was on notice that exposing employees to certain conditions in the locomotive cab and related work environment created a risk of causing the same injuries claimed by Plaintiff in this case.   Plaintiff contends the

evidence is thus relevant to the issue of foreseeability of harm.  Plaintiff also suggests that, contrary to BNSF's argument, Dr. Morrissey's expert report reflects he reviewed some of this material.

In response to BNSF's contention that the documents lack proper foundation, Plaintiff argues the documents have been authenticated by BNSF, arguing they were produced and authenticated in another lawsuit asserting similar claims against BNSF.  Plaintiff submits a list of the documents at issue as Exhibit H to his response to the motions.

While the Court agrees in general that documents reflecting BNSF's studies of the effects of vibration on its employees appear relevant to the issue of foreseeability, the Court is unable to determine from the record before it that the documents are properly admissible.  Although Plaintiff states he does not intend to seek admission of all documents in this category, he does not identify the specific documents he contends are admissible.   Furthermore, he does not offer authority to support his apparent contention that their production in a previous lawsuit renders the documents admissible in this case.   Accordingly, the Court must reserve a ruling on this issue until the appropriate time at trial.

Motion No. 26:

In this motion, BNSF asks the Court to exclude demonstrative exhibits which depict seats or equipment which are not of the same type, make, and model as those actually used by Plaintiff; BNSF also contends the equipment must have been used during the time frame in which such equipment was used by Plaintiff.   BNSF contends that demonstrative exhibits showing dissimilar equipment are inadmissible pursuant to Fed. R. Evid. 401, 402, and 403.

In response, Plaintiff states that the demonstrative exhibits to be offered consist of photographs of the locomotive seats and other equipment at issue.  Plaintiff further states that

Plaintiff and other witnesses will testify that these seats and equipment were utilized by Plaintiff during his employment with BNSF.   Thus, Plaintiff contends the exhibits satisfy the requirements noted by BNSF in its motion.

Although the Court has not seen the exhibits at issue, it appears that they will likely be admissible based on the representation that Plaintiff will testify the depicted equipment is the same as that he utilized during his employment.  However, the Court agrees with Plaintiff that a ruling on this issue is more properly reserved for the appropriate time at trial.

Motion No. 27:

In this motion, BNSF asks the court to rule that "[n]on-ISO standards should be precluded from presentation before the jury."  The balance of the motion states: "[t]he current internationally recognized standard for determining exposure to whole body vibration is ISO 2631.  Evidence to a lack of compliance to any other standard is irrelevant to any duty owed by Defendant to its employees.  Fed. R. Evid. 401, 402, and 403."  Motions, p. 13.

The motion provides insufficient information to permit the Court to issue a ruling.  BNSF does not explain what is meant by "non-ISO standards," nor does it identify the standards to which it objects.  Thus, the Court is unable to determine what evidence it seeks to exclude.   As Plaintiff notes in his response, the parties' expert witness reports reflect references to several ISO standards and other regulations and their application to the facts of this case.  Plaintiff suggests that ISO Standard 2631 is not the only standard relevant to this lawsuit.

BNSF has failed to provide the Court with sufficient information, and the Court will not review the expert reports in an attempt to locate information not provided by BNSF in its motion. The motion, as presented, is denied.  If BNSF has authority to support its contention that ISO

Standard 2631 is the only standard or regulation governing its conduct in this case, then it may reassert its objection at the proper time at trial.

<u>Conclusion:</u>

As set forth above, BNSF's motions in limine [Doc. No. 54] are granted in part, denied in part, and reserved in part.

IT IS SO ORDERED this 15th day of September, 2011.


_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE